IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0329-26 |
| | Severed Case No. CF0329-26-01 |
| Plaintiff, | |
| vs. | |
| | DECISION AND ORDER |
| WAYNER GEORGE aka Wayner Soloman | GRANTING DEFENDANT |
| aka Wayner Uriel George, | HERIC SUDA ANDREW'S |
| DOB: 08/26/1992 | MOTION TO SEVER TRIAL |
| | |
| HERIC SUDA ANDREW, | |
| DOB: 04/06/2000 | |

## I. INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on July 8, 2026, for a Pre-Trial Conference and continued hearing on Defendant Heric Suda Andrew's (the "Defendant Andrew") Motion To Sever Case For Trial (the "Motion") filed on June 1, 2026, which was originally heard on June 9 and 30, 2026.[1] The People opposed the Motion.[2] Defendant Andrew was not present; however, Attorney Heather Martinez Quitugua appeared on his behalf. The People were represented by Assistant Attorneys General Curtis Van de Veld and Matt Ferago.

---

[1] See, Minutes of 6/9/2026 Hrg. on Motion to Sever (Heric Andrew) and Further Proceedings (Wayner George)(Jun. 9. 2026) and Minutes of 6/30/026 Hrg. on Motion to Sever and Pre-Trial Conference (June 30, 2026). Van de Veld was present for the People on June 30.

[2] See, *People's Opposition Brief to Motion to Sever Trial By Defendant Heric Suda Andrew and Joined by Defendant Wayner George Without Written Memorandum in Support Making A Showing as to Application to Him of the Motion* (Jun. 15, 2026)(the "Opposition"). Defendant filed a Reply on June 16, 2026.

*CF0329-26 People v. Wayner George and Heric Suda Andrew*
Decision and Order Granting Defendant's Motion to Sever Trials
Page **1** of **10**

Andrew's co-defendant Wayner George ("Defendant George" or "George") orally joined in the Motion during the June 9, 2026, hearing, and was present at the continued hearing, represented by Attorney Vanessa Williams Cruz.

The Court, after reviewing the Parties' written briefs and the record on file, considering the arguments presented at the Motion Hearing, and the applicable statutes and case law, found good cause to grant the motion and issued its oral ruling from the bench. The Court now issues this Decision and Order memorializing its ruling.

## II.     BACKGROUND AND FINDING OF MEDICAL INCAPACITY

Defendants Andrew and George are jointly charged in this matter arising from alleged crimes occurring on or about May 3, 2026. The record establishes that during the incident, Defendant Andrew sustained serious injuries and is presently physically incapacitated and bedridden in a hospital. See *Declaration of Counsel (Filed Under Seal)*(Jun. 17, 2026). Based on the information presented on the record, Andrew cannot appear in court or remain seated for extended periods without significant medical assistance. Although Andrew has, through his counsel, waived his right to a speedy trial under 8 GCA § 80.60, his co-defendant George has asserted his statutory right to a speedy trial under 8 G.C.A. § 80.60 and refuses to waive time. George is currently detained at the Department of Corrections ("DOC").

It is noteworthy that, despite being committed to DOC,[3] Andrew is not in DOC's physical custody, but has been admitted to and remains in the care of the Guam Regional Medical City (GRMC) because DOC is unable to provide the medical care that Andrew requires if he were to

---

[3] *Commitment Order* (May 7, 2026).

*CF0329-26 People v. Wayner George and Heric Suda Andrew*
Decision and Order Granting Defendant's Motion to Sever Trials
Page **2** of **10**

be remanded to DOC's custody. *Decl. of Counsel* (Jun. 17, 2026). Since his arraignment on May 28, 2026, at which he appeared telephonically from GRMC, Andrew has not appeared at any of the hearings in this case, and the People have not attempted to produce him (either in person or remotely) for the subsequent hearings, as they are required to do.

In addition to raising the issue of his inability to be physically present at trial at this time without medical assistance, Defendant Andrew contends that a joint trial invokes a potential violation of Andrew's Constitutional right to confront George (a potentially non-testifying witness) about incriminating statements which George may have made about Andrew under *Bruton v. United States,* 391 U.S. 123, 127-128 (1968). *Motion* at p. 5. However, the Court's focus is largely on Andrew's statutory and Constitutional right to be present at all stages of a criminal proceeding against him. The Court also analyzes the Motion in the context of the impact that the delay in ensuring that Andrew is present during the trial will affect George's statutory speedy trial rights.

## III.    APPLICABLE LAW

### A.    Defendant's Presence at Trial Is Mandated by 8 GCA §1.13.

Guam law provides that a defendant "shall be present" at arraignment, at the time of plea, "at every stage of the trial including the impaneling of the jury and return of the verdict," and at sentencing, except as otherwise provided. 8 G.C.A. § 1.13. While §1.13 permits waiver of presence after trial has commenced if a defendant *voluntarily* absents himself, it does not create a general exception permitting trial *in absentia* where a defendant is physically incapacitated and unable to appear.

//

*CF0329-26 People v. Wayner George and Heric Suda Andrew*
Decision and Order Granting Defendant's Motion to Sever Trials
Page **3** of **10**

## B. Defendant George's Statutory Speedy Trial Right Under 8 GCA § 80.60.

Although Andrew has waived his right to a speedy trial under 8 G.C.A. § 80.60, his co-Defendant George asserted his right on May 27, 2026. *Assertion or Waiver of Speedy Trial and Request for Jury of Twelve in Felony Case* (May 27, 2026). Section 60.60 requires that a criminal action must be dismissed if trial does not commence within the statutory period (forty-five days after arraignment for a defendant in custody, or sixty days if not in custody at arraignment), unless good cause is shown for the failure to commence trial within the prescribed period. 8 G.C.A. § 80.60. Guam law also reflects a strong policy that criminal proceedings "shall be set for trial and heard and determined at the earliest possible time." 8 G.C.A. § 80.50. Guam courts have recognized that speedy trial protections guard against oppressive pretrial incarceration, minimize anxiety and concern, and limit impairment of the defense. See *People of Guam v. Mendiola*, 1999 Guam 8 ¶ 32.

## C. Guam Law Addressing the Court's Discretion to Sever Trial of Co-Defendants.

Guam law on severance provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

8 G.C.A. § 65.35 (emphasis added). Section 65.35 mirrors Rule 14(a) of the Federal Rules of Criminal Procedure. See 8 G.C.A. § 65.35, Note. Rule 14(a) provides:

> (a) RELIEF. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

*CF0329-26 People v. Wayner George and Heric Suda Andrew*
Decision and Order Granting Defendant's Motion to Sever Trials
Page **4** of **10**

Accordingly, the Court may turn to federal case law interpreting the analogous federal rules for guidance.

The Court recognizes that there is a general preference for joint trials of defendants who are indicted together, as joint trials serve a number of purposes:

> It would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability, advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

*Richardson v. Marsh*, 481 U.S. 200, 210 (1987).

The trial court has great discretion when ruling on a motion to sever. *Zafira v. United States*, 506 U.S. 534, 538-39 ("Rule 14 does not require severance even if prejudice is shown, rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."). Thus, the Court must balance the defendant's right to a fair trial free from prejudice, which may result from the joinder. *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986). The Supreme Court of the United States has held that courts "should grant severance under Rule 14 only if there is a serious risk that a joint trial ***would compromise a specific trial right of one of the defendants*** or prevent the jury from making a reliable judgment about guilt or innocence...." *Zafiro v. U.S.*, 506 U.S. 534,539 (1993)(emphasis added).

//

//

*CF0329-26 People v. Wayner George and Heric Suda Andrew*
Decision and Order Granting Defendant's Motion to Sever Trials
Page **5** of **10**

## IV. DISCUSSION

The Court finds severance is warranted under 8 G.C.A. § 65.35, and the applicable case law, for the following reasons:

First, Defendant Andrew's physical incapacity presents a genuine impediment to proceeding to a joint jury trial, particularly where his co-defendant has asserted his right to a speedy trial. Guam law requires a defendant's presence "at every stage of trial." 8 G.C.A. § 1.13. The Court is not persuaded that § 1.13 permits proceeding with a felony trial in Andrew's absence where the absence is involuntary and caused by medical incapacity. On the present record, Defendant Andrew cannot meaningfully be present for trial, and the Court cannot commence a joint trial consistent with § 1.13 within the time set for speedy trial.

During the July 8, 2026, hearing, the People were reminded of their obligation to present the Defendant for trial, as he remains committed to the Department of Corrections, although not in DOC's physical custody due to his medical condition. Chief Prosecutor Van De Veld committed to the Court that the People intend to present Defendant Andrew for the jury selection and trial; however, on inquiry from the Court regarding the government's plan to accommodate Andrew's needs under the Americans With Disabilities Act (the "ADA"), including whether a request was made to the Court to provide a "reasonable accommodation" based on the severity of Andrew's medical condition, or whether the People had a plan to ensure that Andrew would have medical staff on hand for the duration of the trial to attend to Defendant Andrew's medical needs, which trial, at the time, was scheduled to commence the following day, on July 9, the People failed to confirm that any plan was underway to ensure that Andrew would, in fact, be produced

*CF0329-26 People v. Wayner George and Heric Suda Andrew*
Decision and Order Granting Defendant's Motion to Sever Trials
Page **6** of **10**

at the trial scheduled for July 9.[4] As an alternative to bringing Andrew to court from GRMC, the People proposed to have Andrew present remotely during the trial via Zoom. However, this arrangement does not satisfy the requirement under § 1.13. Andrew will not be able to confer with his counsel during the testimony of witnesses; he will not have a meaningful confrontation of the witnesses against him; he will not have any meaningful participation in his defense at his own trial.

During the July 8 hearing, the People requested a continuance of the trial based largely on the impact that Super Typhoon Bavi had on the island, and, particularly, on the purported unavailability of Guam Police Department witnesses who the People asserted – without any evidence – were occupied with directing traffic at the various intersections.[5] The People also claimed that it had intended to make Defendant Andrew available remotely from GRMC for the July 8 hearing but was unable to do so due to the Typhoon. The People, however, presented no evidence that it had made any such arrangements with the Court or with Defendant Andrew's counsel, or GRMC for his remote attendance. The Court denied the oral request for a continuance, finding that the People failed to provide the Court with good cause to continue the trial based on Super Typhoon Bavi. The Court's Trial Scheduling Order was issued on May 29, 2026, and the People had over forty (40) days in which to be prepared to go to trial.

---

[4] The Court, for reasons not related to Defendant's severance motion, vacated Defendant George's trial scheduled for July 9, 2026, on the basis that George sought to exclude all witnesses listed on the People's Witness List, which was untimely filed on July 8, 2026 – twenty-six (26) days after the cut-off date set forth in the Court's Asserted Criminal Trial Scheduling Order of June 12, 2026. Asserted Criminal Trial Scheduling Order (May 29, 2026).
[5] During the hearing on July 8, Van De Veld informed the Court and the parties that the People had not had the opportunity to interview the Government witnesses in preparation for trial. The Court admonished the People for its apparent lack of readiness to proceed with the trial, which, due to Super Typhoon Bavi, was delayed by one day, to July 9, 2026.

*CF0329-26 People v. Wayner George and Heric Suda Andrew*
Decision and Order Granting Defendant's Motion to Sever Trials
Page **7** of **10**

Second, Co-Defendant George has asserted his statutory speedy trial right under 8 G.C.A. § 80.60 and refuses to waive time. If the Court were to keep the defendants joined for trial, George would be required to wait an indeterminate period for Defendant Andrew to recover sufficiently to appear and sit through trial. That course would risk running afoul of the statutory speedy trial framework and Guam's policy favoring prompt resolution of criminal cases. See 8 G.C.A. §§ 80.50, 80.60. Additionally, George would also suffer from the increased time and expense of a trial, which would take longer in duration due to Andrew's need to be repositioned every 15 to 30 minutes due to his paralysis. *Decl. of Counsel* at ¶ 6; Exhibit A to Declaration. The more the People would attempt to accommodate Andrew's health needs by adjusting the trial schedule – e.g., more days off, shorter trial days, or the availability of health care providers to accompany Andrew – the more burdensome the result would be for George. *See, United States v. Saltzman*, 153 F.Supp.3d 245 (D.C. 2016)(court granting motion to sever in a multiple defendant case alleging conspiracy to unlawfully distribute prescription drugs by internet and mail, where co-defendant's medical condition would negatively impact co-defendant). The People have named over forty (40) witnesses in this case, and, at the pre-trial conference on July 8, could not specifically identify which witnesses it intended to call at the trial. The trial could last for weeks, extending to months, if Defendant Andrew's trial on the charges against him were not severed from his co-defendant's.

The Court recognizes that § 80.60 contains a good-cause exception that may excuse certain delays. However, the Court finds that severance is the more appropriate and narrowly tailored remedy here because it simultaneously (1) protects Co-Defendant George's asserted speedy trial right and (2) preserves Defendant Andrew's right to be present at his own trial once medically

*CF0329-26 People v. Wayner George and Heric Suda Andrew*
Decision and Order Granting Defendant's Motion to Sever Trials
Page **8** of **10**

able. See 8 G.C.A. §§ 1.13, 65.35, 80.50, 80.60. In these current circumstances, continued joinder would prejudice both defendants in different ways: it would either force an impermissible trial in absentia as to Defendant Andrew, or it would delay Co-Defendant George's trial despite his invocation of speedy trial under § 80.60.

## V.  CONCLUSION AND ORDERS

For the reasons set forth herein, the Court exercises its discretion under 8 G.C.A. § 65.35 to sever the trials.

**THEREFORE, IT IS HEREBY ORDERED:**

1.  Defendant Andrew's Motion to Sever Trial is **GRANTED**.

2.  Defendant George's matter shall proceed to trial separately under the original case number, CF0329-26.

3.  Defendant Andrew's case shall proceed under Criminal Case No. CF329-26-01 for administrative purposes, and the parties shall conform the pleadings to the Order herein as appropriate.

4.  The matter as to Defendant George shall be set for trial at the earliest possible time consistent with 8 G.C.A. §§ 80.50 and 80.60, following the resolution of Defendant George's pending Motion to Preclude [the People's] Untimely Disclosed Witnesses and Exhibits.

//

//

//

//

*CF0329-26 People v. Wayner George and Heric Suda Andrew*
Decision and Order Granting Defendant's Motion to Sever Trials
Page **9** of **10**

5. The matter as to Defendant Andrew is continued to a status hearing on ⟩ November 30, 2026, at 9:30 a.m., at which time the Court will address Defendant's medical status and readiness to proceed.

SO ORDERED this 9th day of July, 2026.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
A. G. H-Quitugua,
V. Williams - Cruz
Date: 7/9/26 Time: 3:31pm
Antonio Cruz
Deputy Clerk, Superior Court of Guam

*CF0329-26 People v. Wayner George and Heric Suda Andrew*
Decision and Order Granting Defendant's Motion to Sever Trials
Page **10 of 10**